IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, <br>            Plaintiff, <br><br> vs. <br><br> LAREDO SYSTEMS, LLC., a/k/a LAREDO SYSTEMS, INC., <br><br>            Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  No. <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

NOW COMES Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, LAREDO SYSTEMS, LLC., a/k/a LAREDO SYSTEMS, INC., and allege as follows:

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time.

3. The Railroad Maintenance and Industrial Health and Welfare Fund receive

contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

4. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

5. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6. Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund is administered in Sangamon County, Springfield, Illinois which is located within the venue of the District Court for the Central District of Illinois.

7. Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

8. Defendant employs individuals who are members of, and represented by, the Operating Engineers Local 150.

9. Defendant employs individuals who are participants in the employee benefit fund administered by Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund pursuant to a Memorandum of Agreement to which Defendant is a party or otherwise bound (the "labor agreement").

10. The business address for Defendant is Golden Prairie, Illinois, 61038.

11. The labor agreement binds Defendant to the provisions of the Plaintiff's trust agreement.

12. Pursuant to the labor agreement and trust agreement, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other

amounts required under the labor agreements to Plaintiff.

13. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiff in accordance with the terms and conditions of Plaintiff's trust agreement. (*See* 29 U.S.C. §1145).

14. Defendant employed individuals during the time period of January 1, 2009, through the present who have performed hours of work under the collective bargaining agreement for which contributions are owed to Plaintiff.

15. Pursuant to the labor agreement and trust agreement, Plaintiff has the right to examine the payroll books and records of the Defendant to determine whether the Defendant is paying Plaintiff all required contributions under the labor agreements.

16. Plaintiff has demanded that Defendant provide its relevant payroll and other business records for purposes of an audit for the time period of January 1, 2009, to a current date to be established by Plaintiff's auditor, but Defendant has refused to provide Plaintiff with its payroll and other business records from January 1, 2009, to current.

17. Defendant owes Plaintiff contributions for all unreported and unpaid hours of work performed by its employees for the time period of January 1, 2009 to present.

18. Pursuant to the terms of the labor agreements and trust agreement, Defendant owes Plaintiff liquidated damages, late fees, and interest for all contributions that are not paid timely.

19. Defendant has breached the provisions of the labor agreements and trust agreement by refusing to provide Plaintiff with all of its payroll and other business records for purposes of an audit.

20. Pursuant to the terms of the labor agreements and trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by

Plaintiff in the collection of delinquent contributions.

21. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> **(g)** Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*          \*          \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff prays as follows:

A. That judgment is entered in favor of Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, and against, Defendant for all fringe benefit contributions, interest and liquidated damages owed to Plaintiff for the time period of January 1, 2009, through a future date including without limitation the ending date of any payroll compliance audit;

B. That Defendant is ordered to provide and/or make available to Plaintiff or its auditor, all payroll and other business records of Defendant for the time period of January 1, 2009, through a future date determined by Plaintiff or its auditor, in order for Plaintiff to determine the fringe benefit contributions and other sums owed by Defendant to Plaintiff;

C. That Plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 1, 2009, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which Plaintiff is entitled to pursuant to the trust agreement and ERISA;

D. That Defendant is ordered to pay to the Plaintiff its reasonable attorney's fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

E. That Defendant is ordered to pay to the Plaintiff all of Plaintiff's costs attendant to these proceedings;

F. That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

Respectfully submitted,

        RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND
        Plaintiff,

By:    s/ Jacob A. Blickhan
     JACOB A. BLICKHAN
     CAVANAGH & O'HARA
     2319 West Jefferson
     Springfield, IL  62702
     Telephone:  (217) 544-1771
     Facsimile:  (217) 544-9894
     jacobblickhan@cavanagh-ohara.com